IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**3A COMPOSITES USA, INC.,**
**a Missouri Corporation**                                                              **PLAINTIFF**

**V.**                           **CASE NO. 5:16-CV-5017**

**UNITED INDUSTRIES, INC.,**
**an Arkansas Corporation; and**
**WESLEY PAULIN**                                                              **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are Plaintiff 3A Composites USA, Inc.'s ("3A") Renewed *Daubert* Motion to Exclude Testimony of L. Sue Talkington and Incorporate Court's Prior Order (Doc. 32) and Brief in Support (Doc. 33); Defendant United Industries, Inc.'s ("United") Response (Doc. 41) and Brief in Support (Doc. 42); and 3A's Reply (Doc. 50). This lawsuit is a new iteration of an old dispute between these parties. Its predecessor lawsuit proceeded all the way to the eve of trial, at which time this Court granted 3A's motion to dismiss its claims without prejudice, with the consent of United and codefendant Wesley Paulin. 3A promptly opened the instant suit by refiling its claims (with some new elaborations that were the basis for its prior nonsuit).

The Court issued rulings on a great variety of motions throughout the previous suit, and 3A now essentially renews one of those prior motions and asks this Court to incorporate its ruling thereon into the instant case. Specifically, 3A renews arguments it previously made to exclude the testimony of United's expert witness, L. Sue Talkington, offered in rebuttal to 3A's damages expert, William A. Barbee. United, in turn, renews the arguments it made in opposition to 3A's prior motion, while also conceding that the Court's

1

prior order thereon should be incorporated into this action. Seeing no change in circumstances that would require deviation from its prior ruling on this issue, the Court agrees with the parties that its prior ruling should be, and hereby is, incorporated into the instant case. That ruling and its reasoning can be found on pages 2 through 4 of the November 10, 2015 Memorandum Opinion and Order from the prior case that is attached as Exhibit 1 to this Order.

Additionally, 3A asks in the instant Motion that Ms. Talkington "not be permitted to offer testimony in rebuttal to any supplemental opinions of Mr. Barbee that have been offered in this case because no such opinions of Ms. Talkington have been disclosed to 3A." (Doc. 32, p. 3). United disagrees, and argues that "to the extent any of Ms. Talkington's prior opinions/criticisms are equally applicable to any of Mr. Barbee's new opinions, they should be admissible because they have already been disclosed to Plaintiff." (Doc. 42, p. 1). 3A replies that "[t]here are no such opinions." (Doc. 50, p. 1).

The Court has already ruled, *inter alia*, (1) that Ms. Talkington will not be permitted to offer testimony that was not previously disclosed to 3A, "either in Ms. Talkington's expert report or in her deposition," (2) that the Court "will defer ruling on the admissibility of any *particular* rebuttal opinion until after Mr. Barbee has testified," and (3) that "[a]t some point following Mr. Barbee's testimony but prior to Ms. Talkington's testimony, Counsel for United must proffer to the Court the opinion testimony it anticipates being provided by Ms. Talkington." *See* Exhibit 1, pp. 3–4. Accordingly, the Court will defer ruling on whether any of Ms. Talkington's prior opinions/criticisms are equally applicable to any of Mr. Barbee's new opinions, until such time as it rules on the admissibility of her particular rebuttal opinions as described above.

**IT IS THEREFORE ORDERED** that Plaintiff 3A Composites USA, Inc.'s Renewed *Daubert* Motion to Exclude Testimony of L. Sue Talkington and Incorporate Court's Prior Order (Doc. 32) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED** on this 15th day of March, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE