IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

3A COMPOSITES USA, INC.,
a Missouri Corporation                                                                PLAINTIFF

V.                            CASE NO. 5:16-CV-5017

UNITED INDUSTRIES, INC.,
an Arkansas Corporation; and
WESLEY PAULIN                                                                         DEFENDANTS

**OPINION AND ORDER**

Currently before the Court are the Renewed Motion for Reconsideration of Court's Order Dismissing 3A's Claim for Tortious Interference (Doc. 81) and Brief in Support (Doc. 82) filed by Plaintiff 3A Composites USA, Inc. ("3A"); the Response (Doc. 83) and Brief (Doc. 84) filed by Defendants United Industries, Inc. ("United") and Wesley Paulin; and the parties' respective supplemental letter briefs (Docs. 86, 87). 3A's Motion is **DENIED**.

**I. DISCUSSION**

As the Court has previously explained:

> This is the second lawsuit in this Court between these parties. In the previous lawsuit, 3A brought claims against the Defendants for trade-secret misappropriation, breach of contract, tortious interference with contract, and deceptive trade practices, all of which revolved around United's efforts to duplicate 3A's method of producing a product called "thick foam." Eventually, the Court awarded the Defendants summary judgment on 3A's claims for tortious interference and deceptive trade practices, but permitted 3A's claims for breach of contract and trade-secret misappropriation to proceed to trial.

(Doc. 79, p. 2). Being an award of summary judgment on the merits, the Court dismissed 3A's tortious-interference and deceptive-trade-practices claims *with* prejudice. *See 3A Composites USA, Inc. v. United Indus., Inc.*, 2015 WL 5437119, at *8 (W.D. Ark. Sep. 15,

1

2015) ("Plaintiff 3A Composites USA, Inc. may proceed on its claims for breach of contract and violations of the Arkansas Trade Secrets Act, but all of its other claims are **DISMISSED WITH PREJUDICE**." (emphasis in original)).  3A then filed a motion for the Court to reconsider its summary judgment ruling on the tortious interference claim, which the Court denied.  See *3A Composites USA, Inc. v. United Indus., Inc.*, 2015 WL 11120888 (W.D. Ark. Nov. 4, 2015).  Then, "on the eve of trial the parties stipulated to a dismissal without prejudice of 3A's remaining claims, subject to various conditions, which the Court granted."  (Doc. 79, p. 3).

A couple of months later, 3A filed the instant lawsuit, "reasserting its old claims for breach of contract, tortious interference with contract, and trade-secret misappropriation, but expanding the factual predicate to include not only attempted duplication of 3A's thick foam product but also attempted duplication of another 3A product called 'Gatorfoam.'"  *Id.*  After discovery concluded, the Court granted summary judgment to the Defendants on all of 3A's claims, to the extent those claims were premised on the new Gatorfoam allegations.  See Doc. 55.

The Motion presently before the Court seeks to renew 3A's motion, filed in the previous case, to reconsider the Court's award of summary judgment to the Defendants on 3A's thick-foam claim for tortious interference.  The Court has several problems or concerns with this.

The first problem is that the Court believes 3A's thick-foam claim for tortious interference is barred by the doctrine of *res judicata*, such that this Court would not be permitted to reconsider its award of summary judgment on that claim even if it were otherwise inclined to do so.  Under that doctrine, "a final judgment on the merits of an

2

action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Carlisle Power Transmission Prods., Inc. v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union, Local Union No. 662*, 725 F.3d 864, 867 (8th Cir. 2013) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "For *res judicata* to apply, there must be: (1) a final judgment on the merits that is, (2) based on proper jurisdiction, (3) between the same parties or their privies, and (4) based on the same claims or causes of action." *Id.* 3A's tortious interference claim from the previous case obviously satisfies the second, third, and fourth *res judicata* factors; the same claim was brought by and against the same parties in this same Court as before. But the first factor presents a more puzzling issue here.

At the pretrial conference held on September 27, 2017, the Court invited the parties to provide informal letter briefs on this issue, which they have since done. The Court has filed 3A's letter on the docket at Doc. 86, and the Defendants' letter at Doc. 87. In its letter, 3A argues that there was no final judgment on the merits in the prior case, because its contract and trade-secret claims were dismissed without prejudice for the expressly-contemplated purpose of refiling them in this Court. Thus, 3A contends, it could not have appealed the Court's award of summary judgment to the Defendants on its tortious interference claim without running afoul of "the well-entrenched policy which bars a plaintiff from splitting its claims against a defendant." *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999).

3A is certainly correct that this policy against claim-splitting exists. And pursuant to that policy, 3A would have risked converting the dismissal of its contract and trade-secret claims from one *without* prejudice to one *with* prejudice if it had appealed this

3

Court's earlier summary-judgment ruling directly from that voluntary nonsuit. *See Minn. Pet Breeders, Inc. v. Schell & Kampeter, Inc.*, 41 F.3d 1242, 1245 (8th Cir. 1994). But Eighth Circuit precedent is clear on the point that "[a] dismissal without prejudice can be an appealable final order" under 28 U.S.C. § 1291, so long as there is "some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as the court is concerned, is the end of the case." *Great Rivers Co-op. of S.E. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) (internal quotation marks and alterations omitted). The final order of dismissal in the prior 3A case dismissed all of the remaining claims without prejudice. The trial was cancelled. The docket was marked to reflect that the case was closed. All of these things clearly indicate the Court's belief that the case was at an end.

There are several things that one could argue indicated the opposite belief. The final order of dismissal explicitly discussed the possibility that the action would be refiled in a new case. It ordered further motion practice to occur on the issue of attorney fees. And no separate document formally styled as a "Judgment" was ever filed.

But although it is certainly true that the Court and all the parties anticipated that 3A would refile the claims it had voluntarily dismissed *without* prejudice in a *new* case along with some *new* claims, there was no indication that anyone, least of all the Court, had any expectation that 3A would refile any of its old claims that had previously been dismissed *with prejudice*. As for attorney fees, the Federal Rules of Civil Procedure expressly contemplate post-judgment motion practice on that issue, *see* Fed. R. Civ. P. 54(d)(2)(B)(i), so the Court does not believe the pendency of that issue provided a

4

reasonable basis, of its own force, for anyone to question whether they were at "the end of the case" for purposes of appeal.

The absence of a separate document entitled "Judgment" is a thornier matter. Fed. R. Civ. P. 54(a) defines a "Judgment" as including "a decree and any order from which an appeal lies." Fed. R. Civ. P. 58(a) requires—with some exceptions not applicable here—that "[e]very judgment and amended judgment must be set out in a separate document." Per Rule 54(a), that separate document "should not include recitals of pleadings, a master's report, or a record of prior proceedings." As previously acknowledged, no separate document fitting this description was ever filed on the docket in the prior case.

However, the Court's failure to comply with Rule 58(a)'s separate-document requirement did not make its final dismissal order in the prior case any less "final" or appealable. When a court fails to file judgment as a separate document, Rule 58(d) authorizes any party to "request that judgment be set out in a separate document as required by Rule 58(a)." And regardless of whether any such request is ever made (or granted), Rule 58(c) clarifies that "if a separate document is required," then "[f]or purposes of these rules, judgment is entered . . . when the judgment is entered in the civil docket . . . and the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket." Furthermore, Rule 4 of the Federal Rules of Appellate Procedure—which governs the time by which an appeal may be taken—mirrors this language, providing that "if Federal Rule of Civil Procedure 58(a) requires a separate document," then "[a] judgment or order is entered for purposes of this Rule 4(a) . . . when the judgment or order is entered in the civil docket . . . and when the

5

earlier of these events occurs: the judgment or order is set forth on a separate document, or 150 days have run from entry of the judgment or order in the civil docket . . . ." *See* Fed. R. App. P. 4(a)(7)(A)(ii). Then, to make things even more clear, it adds that "[a] failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order." Fed. R. App. P. 4(a)(7)(B).

Ultimately, then, whether an order is a "final order" is a question of substance, not form. And substantively speaking, for the reasons already given above, this Court believes its final order of dismissal in the prior case clearly and unequivocally manifested its understanding that the case had reached its end. Thus, when 3A's motion for voluntary dismissal in that case was granted, 3A arrived at a fork in the road: it could choose to appeal this Court's earlier summary-judgment ruling and thereby risk forfeiting its ability to refile its contract and trade-secret claims in a subsequent action, or it could choose *not* to appeal this Court's earlier summary-judgment ruling and thereby ensure that its contract and trade-secret claims could be refiled in a subsequent action. It chose the latter course. Accordingly, with respect to 3A's thick foam tortious-interference claim, there has been a final judgment on the merits, thus satisfying the first factor of *res judicata* analysis.

The Court believes that is the end of the matter. Though styled as a "renewed motion for reconsideration," 3A's instant Motion is in truth a request for this Court to "reconsider" a final judgment that was entered in a prior action. The doctrine of *res judicata* precludes this Court from doing that, so the Motion must be denied.

But even if there were no *res judicata* obstacle, the Court would still deny 3A's Motion. Motions for reconsideration must end at some point. The Court understands that 3A simply wants to create a record for appeal, and the Court does not begrudge 3A any reasonable and fair attempts at doing so.[1] However, 3A's Renewed Motion is not merely a "renewed motion." It also contains new argument and citation to authority that 3A just as easily could have offered, but did not offer, in its original motion for reconsideration (to say nothing of its original summary judgment briefing). *See* Doc. 82, pp. 5–6.

There is certainly a time and a place for motions for reconsideration. *See* Fed. R. Civ. P. 60(b) (listing possible grounds for relief from a final judgment, order, or proceeding). But an order of the Court is not an opening bid in a protracted negotiation between the Court and the parties before it, nor is it an invitation for endless rounds of further discussion and disagreement. 3A filed a response in opposition to the Defendants' motion for summary judgment in the prior case. Then after the Court granted that motion in part, 3A filed a motion for reconsideration, which the Court denied. 3A is not entitled to a third bite at the apple. The Court will not consider any new arguments on whether summary judgment was appropriate for 3A's thick-foam tortious interference claim, and the Court will not reconsider any arguments that it has already rejected once or twice before with respect to that matter.

---

[1] Though it bears mentioning that any deficiencies in 3A's record for appeal are a problem of 3A's making, caused by its decision to nonsuit the first case on the literal eve of trial.

## II.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff 3A Composites USA, Inc.'s Renewed Motion for Reconsideration of Court's Order Dismissing 3A's Claim for Tortious Interference (Doc. 81) is **DENIED**.

**IT IS SO ORDERED** on this 10th day of October, 2017.

        /s/ Timothy L. Brooks
        TIMOTHY L. BROOKS
        UNITED STATES DISTRICT JUDGE